

**FILED & ENTERED**

**MAR 25 2020**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** gonzalez **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:   John Thymes and Shirley Thymes, Debtors. | Case No.:   2:88-bk-10553-ER<br>Chapter:   7<br><br>**MEMORANDUM OF DECISION DENYING MOTION FOR RECONSIDERATION**<br><br>**[RELATES TO DOC. NOS. 79–80]**<br><br>[No hearing required pursuant to Federal Rule of Civil Procedure 78(b) and Local Bankruptcy Rule 9013-1(j)(3)] |

    John and Shirley Thymes (the "Debtors") move for reconsideration (the "Motion for Reconsideration")[1] of the *Memorandum of Decision Denying Motions to Vacate Dismissal, Vacate State Court Judgment, and Consolidate Cases* (the "Memorandum of Decision")[2] and the accompanying *Order Denying Motions to Vacate Dismissal, Vacate State Court Judgment, and Consolidate Cases* (the "Order").[3] Pursuant to Civil Rule 78(b) and LBR 9013-1(j)(3),[4] the Court finds the Motion for Reconsideration to be suitable for disposition without oral argument. For the reasons set forth below, the Motion for Reconsideration is **DENIED**.[5]

---

[1] Doc. Nos. 79–80.
[2] Doc. No. 74.
[3] Doc. No. 75.
[4] Unless otherwise indicated, all "Civil Rule" references are to the Federal Rules of Civil Procedure, Rules 1–86; all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037; all "Evidence Rule" references are to the Federal Rules of Evidence, Rules 101–1103; all "LBR" references are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California, Rules 1001-1–9075-1; and all statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532.
[5] The Hon. Richard M. Neiter presided over this case between April 3, 2015 and September 7, 2016. The case was reassigned to the undersigned Judge on September 8, 2016. Doc. No. 62.

## I. Background[6]

The Memorandum of Decision and Order denied three motions filed by the Debtors (collectively, the "Motions"), which were captioned *Motion to Vacate and Set Aside Order, and to Reopen Case*,[7] *Motion to Vacate and Set Aside Void "Judgment By Court" Entered Oct. 2, 1991 (Exhibit "A")—John A. Thymes, Shirley R. Thymes v. Cal-West, Trustee, et al. L.A.S.C. Case No. BC 021493* (the "Motion to Vacate"),[8] and *Notice of Related Cases*.[9] The Court found that the Motions were an improper attempt to circumvent the dismissal of the Debtors' appeal of a prior order; that the Motions effectively constituted a request for relief under Civil Rules 59(e) or 60(b), but that the Debtors had failed to show entitlement to such relief; that the Court lacked jurisdiction to vacate a judgment entered by the Los Angeles Superior Court on October 16, 1991 (the "State Court Judgment")[10]; and that the Debtors' request for consolidation of this case with four other allegedly related cases was not warranted because all of the allegedly related cases had been closed.[11]

## II. Findings and Conclusions

Reconsideration is "an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal citation omitted). A motion for reconsideration may not be used "to rehash the same arguments made the first time or simply express an opinion that the court was wrong." *In re Greco*, 113 B.R. 658, 664 (D. Haw. 1990), *aff'd and remanded sub nom. Greco v. Troy Corp.*, 952 F.2d 406 (9th Cir. 1991); *see also In re Mannie*, 299 B.R. 603, 608 (Bankr. N.D. Cal. 2003) (internal citation omitted) ("A motion to reconsider should not be used 'to ask the court "to rethink what the court had already thought through—rightly or wrongly"—or to reiterate arguments previously raised.'").

Debtors' Motion for Reconsideration merely restates arguments that the Debtors previously presented in connection with the Motions. The Court considered, and rejected, these arguments for all the reasons set forth in the Memorandum of Decision. Debtors have failed to show any grounds for reconsideration of the prior ruling, such as a change in controlling law, newly discovered evidence, or an error of fact or law in the Memorandum of Decision.

Debtors reiterate their argument, raised in the Motion to Vacate, that the State Court Judgment is void and should be vacated as a result of various alleged errors made by the State Court. As explained in the Memorandum of Decision, under the *Rooker-Feldman* doctrine, this Court has "no authority to review the final determinations of a state court in judicial proceedings." *Gruntz v. County of Los Angeles (In re Gruntz)*, 202 F.3d 1074, 1078 (9th Cir. 2000). The Motion for Reconsideration, like the Motion to Vacate, is an impermissible attempt to obtain federal review of the State Court Judgment.

Debtors contend that the *Rooker-Feldman* doctrine does not apply, and that this Court does have jurisdiction to find that the State Court Judgment was void, on the ground that entry of the

---

[6] A more detailed overview of the prior proceedings in this case is set forth in the Memorandum [Doc. No. 63] issued by the Bankruptcy Appellate Panel on November 9, 2016 and in the Memorandum of Decision [Doc. No. 74] issued by this Court. Only those facts relevant to the Motion for Reconsideration are presented here.
[7] Doc. No. 70.
[8] Doc. No. 72.
[9] Doc. No. 71.
[10] An illegible copy of the State Court Judgment is attached to Doc. No. 72 as Ex. A.
[11] *See generally* Memorandum of Decision at 2–4.

State Court Judgment violated the automatic stay. The Debtors' argument lacks merit. As explained in the Memorandum of Decision, entry of the State Court Judgment did not violate the automatic stay because the judgment was entered after the automatic stay had terminated as a result of the dismissal of this bankruptcy case.[12] The Debtors have not presented any facts showing that this finding was in error.

The Motion for Reconsideration is replete with allegations that various parties violated the automatic stay arising in other bankruptcy petitions filed either by the Debtors or entities in which the Debtors held an interest. Debtors seek relief on account of the stay violations that allegedly occurred in these other cases. As stated in the Memorandum of Decision, the Court cannot grant any relief in this case based upon the Debtors' allegations that stay violations occurred in connection with other bankruptcy cases.[13]

Based upon the foregoing, the Motion for Reconsideration is **DENIED**. The Court will enter an order consistent with this Memorandum of Decision.

###

Date: March 25, 2020

Ernest M. Robles
United States Bankruptcy Judge

---

[12] *Id.* at 3.
[13] *Id.*