

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:    John Thymes and Shirley Thymes, Debtors. | Case No.:   2:88-bk-10553-ER<br>Chapter:    7<br>**MEMORANDUM OF DECISION DENYING FOURTH MOTION FOR RECONSIDERATION**<br>**[RELATES TO DOC. NO. 85]**<br>[No hearing required pursuant to Federal Rule of Civil Procedure 78(b) and Local Bankruptcy Rule 9013-1(j)(3)] |

    For the fourth time, John and Shirley Thymes ("Debtors") move for reconsideration of an order denying the Debtors' motion to reopen their Chapter 7 case (the "Fourth Motion for Reconsideration").[1] Pursuant to Civil Rule 78(b) and LBR 9013-1(j)(3),[2] the Court finds this matter to be suitable for disposition without oral argument. Because Debtors merely restate arguments that the Court has previously considered and rejected, the Fourth Motion for Reconsideration is **DENIED**.[3]

---

[1] Doc. No. 85.

[2] Unless otherwise indicated, all "Civil Rule" references are to the Federal Rules of Civil Procedure, Rules 1–86; all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037; all "Evidence Rule" references are to the Federal Rules of Evidence, Rules 101–1103; all "LBR" references are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California, Rules 1001-1–9075-1; and all statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532.

[3] The Hon. Richard M. Neiter presided over this case between April 3, 2015 and September 7, 2016. The case was reassigned to the undersigned Judge on September 8, 2016. Doc. No. 62.

**I. Background**

Debtors filed a voluntary Chapter 7 petition on May 17, 1988 (the "Chapter 7 Case"). The Chapter 7 Case was dismissed on July 18, 1989 (the "Dismissal Order"). The official record of the Chapter 7 Case has been destroyed.

On October 5, 2015, the Court denied the Debtors' motion for relief from the Dismissal Order (the "Motion for Relief").[4] On February 1, 2016, the Court denied a motion for reconsideration filed by the Debtors that essentially restated the arguments made in the Motion for Relief (the "First Motion for Reconsideration").[5]

The Debtors appealed the denials of the Motion for Relief and First Motion for Reconsideration to the Bankruptcy Appellate Panel (the "BAP"). On November 9, 2016, the BAP affirmed the Bankruptcy Court's refusal to vacate the Dismissal Order and to reinstate the Chapter 7 Case.[6]

The Debtors appealed the BAP's affirmance of the Bankruptcy Court's orders to the Ninth Circuit Court of Appeals. On January 11, 2017, the Ninth Circuit dismissed the appeal based on the Debtors' failure to pay docketing and filing fees.[7]

On December 13, 2019, the Court issued a memorandum of decision (the "Dec. 2019 Memorandum")[8] (attached as Exhibit A and incorporated herein by reference) and corresponding order denying three motions filed by the Debtors that, taken together, amounted to a second request for reconsideration of the denial of the Motion for Relief (the three motions collectively, the "Second Motion for Reconsideration").[9] In the Dec. 2019 Memorandum, the Court found that the Second Motion for Reconsideration was not "made within a reasonable time," as required by Civil Rule 60(b).[10] The Court found that even if it were to overlook the untimely filing of the Second Motion for Reconsideration, the Debtors had not shown that they were entitled to relief from the Dismissal Order:

> The Debtors argue that the Dismissal Order should be set aside so that they can pursue relief for alleged violations of the automatic stay. However, all of the alleged stay violations identified in the [Second Motion for Reconsideration] occurred either before the Chapter 7 Case was filed or after the Chapter 7 Case was dismissed. The Chapter 7 Case was pending between May 17, 1988 and July 18, 1989. The State Court Judgment, which the Debtors allege is void as a violation of the automatic stay, was issued on October 16, 1991, long after the automatic stay had terminated as a result of the Dismissal Order. Similarly, the February 7, 1991 foreclosure sale of the Property also occurred well after the automatic stay had terminated.

Dec. 2019 Memorandum at 3.

---

[4] *See* Doc. Nos. 4, 6, 28, 31, and 32 (Motion for Relief) and Doc. No. 34 (order denying Motion for Relief).
[5] *See* Doc. No. 44 (order denying First Motion for Reconsideration).
[6] Doc. No. 63.
[7] Doc. No. 66.
[8] Doc. No. 74.
[9] Doc. Nos. 70–73.
[10] Dec. 2019 Memorandum at 3.

On March 25, 2020, the Court issued a memorandum of decision (the "Mar. 2020 Memorandum")[11] (attached as Exhibit B and incorporated herein by reference) and corresponding order denying the Debtor's third request for reconsideration of the denial of the Motion for Relief (the "Third Motion for Reconsideration").[12] The Court explained that the Third Motion for Reconsideration did nothing more than restate arguments previously presented to the Court, and that the Debtors had failed to show any grounds for reconsideration of the Court's prior rulings, such as a change in controlling law, newly discovered evidence, or an error of fact or law.[13]

On November 18, 2020, the Debtors filed the Fourth Motion for Reconsideration, which once again requests that the Court grant the relief denied in the First, Second, and Third Motions for Reconsideration.

## II. Findings and Conclusions

Reconsideration is "an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal citation omitted). "Motions for reconsideration which merely revisit the same issues already ruled upon by the trial court, or which advance supporting facts that were otherwise available when the issues were originally briefed, will generally not be granted." *Negrete v. Bleau (In re Negrete)*, 183 B.R. 195, 197 (B.A.P. 9th Cir. 1995), *aff'd,* 103 F.3d 139 (9th Cir. 1996). A motion for reconsideration may not be used "to rehash the same arguments made the first time or simply express an opinion that the court was wrong." *In re Greco*, 113 B.R. 658, 664 (D. Haw. 1990), *aff'd and remanded sub nom. Greco v. Troy Corp.*, 952 F.2d 406 (9th Cir. 1991); *see also In re Mannie*, 299 B.R. 603, 608 (Bankr. N.D. Cal. 2003) (internal citation omitted) ("A motion to reconsider should not be used 'to ask the court "to rethink what the court had already thought through—rightly or wrongly"—or to reiterate arguments previously raised.'").[14]

The Fourth Motion for Reconsideration does nothing more than reiterate arguments that the Debtors have previously presented to the Court as to why the Chapter 7 Case should be reopened, and as to why the Debtors should be granted various other types of relief that the Court has previously considered and denied. As set forth in the Dec. 2019 Memorandum and the Mar. 2020 Memorandum (attached as Exhibits A and B), the Court has thoroughly considered all the arguments advanced by the Debtors in support of the relief they seek, and has found those

---

[11] Doc. No. 81.
[12] Doc. Nos. 79–80.
[13] Mar. 2020 Memorandum at 2–3.
[14] A motion for reconsideration filed within fourteen days after entry of the order is governed by Civil Rule 59; a motion for reconsideration filed more than fourteen days after entry of the order is governed by Civil Rule 60(b). *In re Negrete*, 183 B.R. at 197. The Fourth Motion for Reconsideration was filed more than fourteen days after entry of the order and is therefore governed by Rule 60(b). The Court notes that certain of the cases cited above—*Carroll*, *In re Greco*, and *In re Mannie*—deal with motions for reconsideration brought under Civil Rule 59, not Civil Rule 60(b). Nonetheless, the holdings of these cases apply with equal force to a motion for reconsideration governed by Civil Rule 60(b). *See In re Negrete*, 183 B.R. at 197 (applying in the context of a Civil Rule 60(b) motion the legal standards articulated in cases decided under Civil Rule 59).

arguments to be without merit. In addition, the Bankruptcy Appellate Panel has issued a twelve-page decision finding that the Debtors failed to establish cause for reopening the Chapter 7 Case.

The Fourth Motion for Reconsideration—like the First, Second, and Third Motions for Reconsideration which preceded it—lacks merit and is therefore **DENIED**.

The Court will enter an order consistent with this Memorandum of Decision.

###

Date: November 25, 2020

Ernest M. Robles
United States Bankruptcy Judge

# Exhibit A—Dec. 2019 Memorandum



FILED & ENTERED

DEC 13 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY evangeli DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:    John Thymes and Shirley Thymes,<br>             Debtors. | Case No.:  2:88-bk-10553-ER<br>Chapter:   7<br>**MEMORANDUM OF DECISION DENYING MOTIONS TO VACATE DISMISSAL, VACATE STATE COURT JUDGMENT, AND CONSOLIDATE CASES**<br>**[RELATES TO DOC. NOS. 70–73]**<br>[No hearing required pursuant to Federal Rule of Civil Procedure 78(b) and Local Bankruptcy Rule 9013-1(j)(3)] |

  The Court has reviewed documents filed *in pro se* by John and Shirley Thymes captioned *Motion to Vacate and Set Aside Order, and to Reopen Case* [Doc. No. 70], *Motion to Vacate and Set Aside Void "Judgment By Court" Entered Oct. 2, 1991 (Exhibit "A")—John A. Thymes, Shirley R. Thymes v. Cal-West, Trustee, et al. L.A.S.C. Case No. BC 021493* [Doc. No. 72], and *Notice of Related Cases* [Doc. No. 71] (collectively, the "Motions").[1] Pursuant to Civil Rule 78(b) and LBR 9013-1(j)(3),[2] the Court finds the Motions to be suitable for disposition without oral argument. For the reasons set forth below, the Motions are **DENIED**.[3]

---

[1] The Court has also reviewed an untitled document which asserts that the relief requested in the Motion should be granted based on allegations of fraud [Doc. No. 73].

[2] Unless otherwise indicated, all "Civil Rule" references are to the Federal Rules of Civil Procedure, Rules 1–86; all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037; all "Evidence Rule" references are to the Federal Rules of Evidence, Rules 101–1103; all "LBR" references are to the Local Bankruptcy Rules of the

## I. Background[4]

John Anthony Thymes and Shirley Rose Thymes (the "Debtors") filed a voluntary Chapter 7 petition on May 17, 1988 (the "Chapter 7 Case"). The Chapter 7 Case was dismissed on July 18, 1989 (the "Dismissal Order"). The official record of the Chapter 7 Case has been destroyed.

On April 3, 2015, the Debtors filed a motion seeking relief from the Dismissal Order (the "Motion for Relief").[5] The Court denied the Motion for Relief.[6] On October 19, 2015, the Debtors filed a motion for reconsideration that essentially restated the same arguments in the Motion for Relief (the "Motion for Reconsideration").[7] The Court denied the Motion for Reconsideration.[8]

The Debtors appealed the denials of the Motion for Relief and Motion for Reconsideration to the Bankruptcy Appellate Panel (the "BAP"). On November 9, 2016, the BAP affirmed the Bankruptcy Court's refusal to vacate the Dismissal Order.[9]

The Debtors appealed the BAP's affirmance of the Bankruptcy Court's orders to the Ninth Circuit Court of Appeals. On January 11, 2017, the Ninth Circuit dismissed the appeal based on the Debtors' failure to pay docketing and filing fees.[10]

By the Motions, the Debtors renew their request for relief from the Dismissal Order. Debtors state that vacatur of the Dismissal Order is necessary to enable them to file a quiet title action against various entities that allegedly wrongfully foreclosed upon real property commonly known as 1331 W. 107th St., Los Angeles, CA 90003 (the "Property"). Debtors further allege that the February 7, 1991 foreclosure sale of the Property is void as a violation of the automatic stay. Debtors also contend that a judgment entered by the Los Angeles Superior Court on October 16, 1991 (the "State Court Judgment") is void as a violation of the automatic stay.

## II. Findings and Conclusions

The Motions are improper for several reasons. First, the Motions are an attempt to circumvent the Ninth Circuit's dismissal of the Debtor's appeal of the Bankruptcy Court's denial of the Motion for Relief and the Motion for Reconsideration. The Debtors had the opportunity to argue before the BAP that the Bankruptcy Court's refusal to vacate the Dismissal Order was in error. The BAP rejected the Debtors' arguments and affirmed the Bankruptcy Court's decision. The Debtors had a further opportunity to obtain appellate review before the Ninth Circuit. The Debtors renewed their request for relief from the Dismissal Order only after their appeal before

---

United States Bankruptcy Court for the Central District of California, Rules 1001-1–9075-1; and all statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532.

[3] The Hon. Richard M. Neiter presided over this case between April 3, 2015 and September 7, 2016. The case was reassigned to the undersigned Judge on September 8, 2016. Doc. No. 62.

[4] A more detailed overview of the proceedings in this case is set forth in the Memorandum [Doc. No. 63] issued by the Bankruptcy Appellate Panel on November 9, 2016. Only those facts relevant to the instant Motion are presented here.

[5] Doc. Nos. 4, 6, and 31.

[6] Doc. No. 34.

[7] Doc. No. 37.

[8] Doc. No. 44.

[9] Doc. No. 63.

[10] Doc. No. 66.

the Ninth Circuit was dismissed for failure to pay filing and docketing fees. The Debtors' attempt to circumvent the failure of their appeal is inappropriate.

Second, the Motions effectively constitute a request for reconsideration of the Court's denial of the Motion for Relief and the Motion for Reconsideration. Motions for reconsideration may be brought under either Civil Rule 59(e) or Civil Rule 60(b). The Motions fail under both Rules.

Reconsideration under Civil Rule 59(e) is "an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal citation omitted). "'[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.' A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal citation omitted). A motion for reconsideration may not be used "to rehash the same arguments made the first time or simply express an opinion that the court was wrong." *In re Greco*, 113 B.R. 658, 664 (D. Haw. 1990), *aff'd and remanded sub nom. Greco v. Troy Corp.*, 952 F.2d 406 (9th Cir. 1991); *see also In re Mannie*, 299 B.R. 603, 608 (Bankr. N.D. Cal. 2003) (internal citation omitted) ("A motion to reconsider should not be used 'to ask the court "to rethink what the court had already thought through—rightly or wrongly"—or to reiterate arguments previously raised.'").

The Debtors have failed to show that any of the extraordinary circumstances warranting reconsideration under Civil Rule 59(e) apply here. All of the arguments set forth in the Motions have either been previously presented to the Court, or could have been presented had the Debtors exercised reasonably diligence.

Under Civil Rule 60(b), the Court may relieve a party from a final judgment or order. A motion seeking relief under Rule 60(b) "must be made within a reasonable time." The Court denied the Motion for Relief on October 5, 2015, and denied the Motion for Reconsideration on February 1, 2016. The instant Motions, filed more than 3.5 years subsequent to these denials, were not brought within a reasonable time.

Even were the Court to disregard these defects, the Debtors have failed to show cause for the relief requested in the Motions. The Debtors argue that the Dismissal Order should be set aside so that they can pursue relief for alleged violations of the automatic stay. However, all of the alleged stay violations identified in the Motions occurred either before the Chapter 7 Case was filed or after the Chapter 7 Case was dismissed. The Chapter 7 Case was pending between May 17, 1988 and July 18, 1989. The State Court Judgment, which the Debtors allege is void as a violation of the automatic stay, was issued on October 16, 1991, long after the automatic stay had terminated as a result of the Dismissal Order. Similarly, the February 7, 1991 foreclosure sale of the Property also occurred well after the automatic stay had terminated.[11]

It appears that the Debtors may be attempting to argue that the State Court Judgment and foreclosure sale violated the automatic stay arising in other bankruptcy cases filed by the Debtors. The Court cannot grant any relief in this case on account of the automatic stay in other bankruptcy cases.

---

[11] The Debtors also contend that a Grant Deed recorded by Sergio A. Santos and Milagros F. Santos on September 2, 1992 and a Deed of Trust recorded on April 15, 2003 are void as violations of the automatic stay. Once again, these actions took place long after the automatic stay had terminated.

The Motions seek other relief that the Court lacks jurisdiction to grant. The Motions assert that the State Court Judgment should be vacated as a result of various alleged errors made by the State Court. Under the *Rooker-Feldman* doctrine, the Bankruptcy Court has "no authority to review the final determinations of a state court in judicial proceedings." *Gruntz v. County of Los Angeles (In re Gruntz)*, 202 F.3d 1074, 1078 (9th Cir. 2000). The Motion is an impermissible attempt to obtain federal review of the State Court Judgment.

The Debtors filed a *Notice of Related Cases* which alleges that this case is related to Case Nos. 2:92-bk-19331-NB, 2:92-bk-19337-AA, 2:92-bk-19338-AA, and 2:92-bk-19342-AA. The *Notice of Related Cases* seeks to consolidate this case and the allegedly related cases before a single judge. All of the allegedly related cases have been closed. The Debtors' request for consolidation is denied.

### III. Conclusion

Based upon the foregoing, the Motions are **DENIED**. The Court will enter an order consistent with this Memorandum of Decision.

###

Date: December 13, 2019

Ernest M. Robles
United States Bankruptcy Judge

# Exhibit B—Mar. 2020 Memorandum



FILED & ENTERED

MAR 25 2020

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gonzalez DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | | |
|---|---|---|
| In re: | John Thymes and Shirley Thymes, Debtors. | Case No.:   2:88-bk-10553-ER<br>Chapter:   7<br>**MEMORANDUM OF DECISION DENYING MOTION FOR RECONSIDERATION**<br>**[RELATES TO DOC. NOS. 79–80]**<br>[No hearing required pursuant to Federal Rule of Civil Procedure 78(b) and Local Bankruptcy Rule 9013-1(j)(3)] |

    John and Shirley Thymes (the "Debtors") move for reconsideration (the "Motion for Reconsideration")[1] of the *Memorandum of Decision Denying Motions to Vacate Dismissal, Vacate State Court Judgment, and Consolidate Cases* (the "Memorandum of Decision")[2] and the accompanying *Order Denying Motions to Vacate Dismissal, Vacate State Court Judgment, and Consolidate Cases* (the "Order").[3] Pursuant to Civil Rule 78(b) and LBR 9013-1(j)(3),[4] the Court finds the Motion for Reconsideration to be suitable for disposition without oral argument. For the reasons set forth below, the Motion for Reconsideration is **DENIED**.[5]

---

[1] Doc. Nos. 79–80.
[2] Doc. No. 74.
[3] Doc. No. 75.
[4] Unless otherwise indicated, all "Civil Rule" references are to the Federal Rules of Civil Procedure, Rules 1–86; all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037; all "Evidence Rule" references are to the Federal Rules of Evidence, Rules 101–1103; all "LBR" references are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California, Rules 1001-1–9075-1; and all statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532.
[5] The Hon. Richard M. Neiter presided over this case between April 3, 2015 and September 7, 2016. The case was reassigned to the undersigned Judge on September 8, 2016. Doc. No. 62.

## I. Background[6]

The Memorandum of Decision and Order denied three motions filed by the Debtors (collectively, the "Motions"), which were captioned *Motion to Vacate and Set Aside Order, and to Reopen Case*,[7] *Motion to Vacate and Set Aside Void "Judgment By Court" Entered Oct. 2, 1991 (Exhibit "A")—John A. Thymes, Shirley R. Thymes v. Cal-West, Trustee, et al. L.A.S.C. Case No. BC 021493* (the "Motion to Vacate"),[8] and *Notice of Related Cases*.[9] The Court found that the Motions were an improper attempt to circumvent the dismissal of the Debtors' appeal of a prior order; that the Motions effectively constituted a request for relief under Civil Rules 59(e) or 60(b), but that the Debtors had failed to show entitlement to such relief; that the Court lacked jurisdiction to vacate a judgment entered by the Los Angeles Superior Court on October 16, 1991 (the "State Court Judgment")[10]; and that the Debtors' request for consolidation of this case with four other allegedly related cases was not warranted because all of the allegedly related cases had been closed.[11]

## II. Findings and Conclusions

Reconsideration is "an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal citation omitted). A motion for reconsideration may not be used "to rehash the same arguments made the first time or simply express an opinion that the court was wrong." *In re Greco*, 113 B.R. 658, 664 (D. Haw. 1990), *aff'd and remanded sub nom. Greco v. Troy Corp.*, 952 F.2d 406 (9th Cir. 1991); *see also In re Mannie*, 299 B.R. 603, 608 (Bankr. N.D. Cal. 2003) (internal citation omitted) ("A motion to reconsider should not be used 'to ask the court "to rethink what the court had already thought through—rightly or wrongly"—or to reiterate arguments previously raised.'").

Debtors' Motion for Reconsideration merely restates arguments that the Debtors previously presented in connection with the Motions. The Court considered, and rejected, these arguments for all the reasons set forth in the Memorandum of Decision. Debtors have failed to show any grounds for reconsideration of the prior ruling, such as a change in controlling law, newly discovered evidence, or an error of fact or law in the Memorandum of Decision.

Debtors reiterate their argument, raised in the Motion to Vacate, that the State Court Judgment is void and should be vacated as a result of various alleged errors made by the State Court. As explained in the Memorandum of Decision, under the *Rooker-Feldman* doctrine, this Court has "no authority to review the final determinations of a state court in judicial proceedings." *Gruntz v. County of Los Angeles (In re Gruntz)*, 202 F.3d 1074, 1078 (9th Cir. 2000). The Motion for Reconsideration, like the Motion to Vacate, is an impermissible attempt to obtain federal review of the State Court Judgment.

Debtors contend that the *Rooker-Feldman* doctrine does not apply, and that this Court does have jurisdiction to find that the State Court Judgment was void, on the ground that entry of the

---

[6] A more detailed overview of the prior proceedings in this case is set forth in the Memorandum [Doc. No. 63] issued by the Bankruptcy Appellate Panel on November 9, 2016 and in the Memorandum of Decision [Doc. No. 74] issued by this Court. Only those facts relevant to the Motion for Reconsideration are presented here.
[7] Doc. No. 70.
[8] Doc. No. 72.
[9] Doc. No. 71.
[10] An illegible copy of the State Court Judgment is attached to Doc. No. 72 as Ex. A.
[11] *See generally* Memorandum of Decision at 2–4.

State Court Judgment violated the automatic stay. The Debtors' argument lacks merit. As explained in the Memorandum of Decision, entry of the State Court Judgment did not violate the automatic stay because the judgment was entered after the automatic stay had terminated as a result of the dismissal of this bankruptcy case.[12] The Debtors have not presented any facts showing that this finding was in error.

The Motion for Reconsideration is replete with allegations that various parties violated the automatic stay arising in other bankruptcy petitions filed either by the Debtors or entities in which the Debtors held an interest. Debtors seek relief on account of the stay violations that allegedly occurred in these other cases. As stated in the Memorandum of Decision, the Court cannot grant any relief in this case based upon the Debtors' allegations that stay violations occurred in connection with other bankruptcy cases.[13]

Based upon the foregoing, the Motion for Reconsideration is **DENIED**. The Court will enter an order consistent with this Memorandum of Decision.

###

Date: March 25, 2020

Ernest M. Robles
United States Bankruptcy Judge

---

[12] *Id.* at 3.
[13] *Id.*