

**FILED & ENTERED**

**FEB 26 2021**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY gonzalez  DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:  John Thymes and Shirley Thymes, Debtors. | Case No.:   2:88-bk-10553-ER<br>Chapter:    7<br><br>**MEMORANDUM OF DECISION DENYING MOTION TO VACATE DISMISSAL ORDER**<br><br>**[RELATES TO DOC. NO. 90]**<br><br>[No hearing required pursuant to Federal Rule of Civil Procedure 78(b) and Local Bankruptcy Rule 9013-1(j)(3)] |

    The Court has reviewed a motion seeking to vacate the dismissal of the above-captioned case (the "Motion")[1] filed *in pro se* by Jeremiah White, Ryane-Lisa White, and Patrice Pigram (collectively, the "Movants"). Pursuant to Civil Rule 78(b) and LBR 9013-1(j)(3),[2] the Court finds this matter to be suitable for disposition without oral argument. For the reasons set forth below, the Motion is **DENIED**.

---

[1] Doc. No. 90.

[2] Unless otherwise indicated, all "Civil Rule" references are to the Federal Rules of Civil Procedure, Rules 1–86; all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037; all "Evidence Rule" references are to the Federal Rules of Evidence, Rules 101–1103; all "LBR" references are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California, Rules 1001-1–9075-1; and all statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532.

## I. Background

Debtors filed a voluntary Chapter 7 petition on May 17, 1988 (the "Chapter 7 Case"). The Chapter 7 Case was dismissed on July 18, 1989 (the "Dismissal Order"). The official record of the Chapter 7 Case has been destroyed.

On October 5, 2015, the Court denied the Debtors' motion for relief from the Dismissal Order (the "Motion for Relief").[3] On February 1, 2016, the Court denied a motion for reconsideration filed by the Debtors that essentially restated the arguments made in the Motion for Relief (the "First Motion for Reconsideration").[4]

The Debtors appealed the denials of the Motion for Relief and First Motion for Reconsideration to the Bankruptcy Appellate Panel (the "BAP"). On November 9, 2016, the BAP affirmed the Bankruptcy Court's refusal to vacate the Dismissal Order and to reinstate the Chapter 7 Case.[5]

The Debtors appealed the BAP's affirmance of the Bankruptcy Court's orders to the Ninth Circuit Court of Appeals. On January 11, 2017, the Ninth Circuit dismissed the appeal based on the Debtors' failure to pay docketing and filing fees.[6]

On December 13, 2019, the Court issued a memorandum of decision (the "Dec. 2019 Memorandum")[7] and corresponding order denying three motions filed by the Debtors that, taken together, amounted to a second request for reconsideration of the denial of the Motion for Relief (the three motions collectively, the "Second Motion for Reconsideration").[8] In the Dec. 2019 Memorandum, the Court found that the Second Motion for Reconsideration was not "made within a reasonable time," as required by Civil Rule 60(b).[9] The Court found that even if it were to overlook the untimely filing of the Second Motion for Reconsideration, the Debtors had not shown that they were entitled to relief from the Dismissal Order:

> The Debtors argue that the Dismissal Order should be set aside so that they can pursue relief for alleged violations of the automatic stay. However, all of the alleged stay violations identified in the [Second Motion for Reconsideration] occurred either before the Chapter 7 Case was filed or after the Chapter 7 Case was dismissed. The Chapter 7 Case was pending between May 17, 1988 and July 18, 1989. The State Court Judgment, which the Debtors allege is void as a violation of the automatic stay, was issued on October 16, 1991, long after the automatic stay had terminated as a result of the Dismissal Order. Similarly, the February 7, 1991 foreclosure sale of the Property also occurred well after the automatic stay had terminated.

Dec. 2019 Memorandum at 3.

---

[3] *See* Doc. Nos. 4, 6, 28, 31, and 32 (Motion for Relief) and Doc. No. 34 (order denying Motion for Relief).
[4] *See* Doc. No. 44 (order denying First Motion for Reconsideration).
[5] Doc. No. 63.
[6] Doc. No. 66.
[7] Doc. No. 74.
[8] Doc. Nos. 70–73.
[9] Dec. 2019 Memorandum at 3.

On March 25, 2020, the Court issued a memorandum of decision (the "Mar. 2020 Memorandum")[10] and corresponding order denying the Debtor's third request for reconsideration of the denial of the Motion for Relief (the "Third Motion for Reconsideration").[11] The Court explained that the Third Motion for Reconsideration did nothing more than restate arguments previously presented to the Court, and that the Debtors had failed to show any grounds for reconsideration of the Court's prior rulings, such as a change in controlling law, newly discovered evidence, or an error of fact or law.[12]

On November 25, 2020, the Court issued a memorandum of decision (the "Nov. 2020 Memorandum")[13] and corresponding order denying the Debtor's fourth request for reconsideration of the denial of the Motion for Relief (the "Fourth Motion for Reconsideration"). The Court found that the Fourth Motion for Reconsideration, like the Third Motion for Reconsideration, merely restated arguments that the Court had previously considered and rejected.[14]

Aside from the fact that it was filed by Movants rather than the Debtors, the instant Motion is similar to the First, Second, Third, and Fourth Motions for Reconsideration.[15] Movants argue that the Dismissal Order should be vacated and that the case should be reinstated as a result of an alleged violation of the automatic stay. Movants do not explain how they have standing to seek relief on account of the alleged stay violation.

## II. Findings and Conclusions
### A. Movants Have Failed to Establish Standing

Movants have failed to establish that they have standing to seek vacatur of the Dismissal Order.[16] To establish the standing necessary to invoke the Court's jurisdiction, Movants must demonstrate the following:

1) an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized … and (b) "actual or imminent, not 'conjectural' or 'hypothetical'";

---

[10] Doc. No. 81.
[11] Doc. Nos. 79–80.
[12] Mar. 2020 Memorandum at 2–3.
[13] Doc. No. 86.
[14] Nov. 2020 Memorandum at 3–4.
[15] It appears that Movants may be acting in concert with the Debtors. The formatting and style of the Motion bears substantial similarity to the First, Second, Third, and Fourth Motions for Reconsideration.
[16] At certain points, the Motion seeks reopening of the Chapter 7 case, as opposed to vacatur of the Dismissal Order. "The Ninth Circuit has held that a 'dismissed' case cannot be reopened under § 350(b) because it was not 'closed' under § 350(a) following the administration of the estate." *Goldenberg v. Deutsche Bank Nat'l Trust Co. (In re Papazov)*, No. BAP CC-12-1584-KICLD, 2013 WL 2367802, at *9 (B.A.P. 9th Cir. May 30, 2013), *aff'd,* 610 F. App'x 700 (9th Cir. 2015); *see also Armel Laminates, Inc. v. Lomas & Nettleton Co. (In re Income Prop. Builders, Inc.)*, 699 F.2d 963, 965 (9th Cir.1982) (per curiam). Consistent with its obligation to construe *pro se* pleadings liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court treats the Motion as a request to vacate the Dismissal Order rather than a request to reopen the case.

2) a causal connection between the injury and the conduct complained of—the injury has to be "fairly … trace[able] to the challenged action of the defendant, and not … th[e] result [of] the independent action of some third party not before the court"; and
3) it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1994) (internal citations omitted, and numbering added by the Court).

Movants argue that vacatur of the Dismissal Order is warranted as a result of an alleged violation of the automatic stay. Movants have not explained how they were injured as a result of the alleged stay violation. By failing to demonstrate how vacatur of the Dismissal Order would redress an injury that they have suffered, Movants have not shown that they have standing to invoke the Court's jurisdiction.

### B. Even if the Court Were to Disregard the Standing Issue, the Court Has Previously Found Allegations Regarding the Automatic Stay to Be Without Merit

Even if the Court were to disregard the standing issue, the Court has previously found allegations that the automatic stay was violated in the Debtors' case to be without merit. As set forth in the portions of the Dec. 2019 Memorandum excerpted above, all of the alleged stay violations identified by the Debtors in the prior Motions for Reconsideration occurred at times when the automatic stay was not in effect. Nothing in the Motion indicates that the Court's prior finding was in error.

### III. Conclusion

Based upon the foregoing, the Motion is **DENIED**. The Court will enter an order consistent with this Memorandum of Decision.

###

Date: February 26, 2021

Ernest M. Robles
United States Bankruptcy Judge